# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TREPICCHIO, Individually, and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>PERFORMANT RECOVERY, INC. f.k.a. DIVERSIFIED COLLECTION SERVICES, INC. and JOHN DOES 1-25,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, MICHAEL TREPPICCHIO (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus Law, LLC, against Defendant PERFORMANT RECOVERY, INC. f.k.a. DIVERSIFIED COLLECTION SERVICES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a New Jersey class seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency that focuses on debt collection with its principal office located at 333 North Canyons Parkway, Suite 100, Livermore, California 94551 and a mailing address of PO Box 9057, Pleasanton, California 94566-6057.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter

"FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New Jersey consumers who received a collection letter from the Defendant attempting to collect an alleged debt, that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.
- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are

3

    entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without

remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to March 30, 2015, an obligation was allegedly incurred to the original creditor Citibank ELT Student Loan. ("Citibank")

15. The Citibank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the Citibank debt is past due.

19. Citibank directly or through an intermediary contracted the Defendant to collect the alleged debt.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. On or about March 30, 2015, the Defendant caused to be delivered to the Plaintiff a letter in an attempt to collect the alleged debt. *See* **Exhibit A.**

22. The March 30, 2015 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The March 30, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The March 30, 2015 letter, which is the first letter received from the Defendant to the Plaintiff states in part:

    "As you are aware by now, Performant Recovery, Inc. is responsible for collecting the above referenced account(s). We are requesting that you telephone this office at 209-858-0600, regarding your account rather than continuing to correspond by mail. We must talk to you in order to finalize any arrangements necessary to retire your obligation. Otherwise we cannot intelligently evaluate your present situation."

25. The March 30, 2015 letter also states:

    "For further information on your balance, write to Performant Recovery, Inc. or call toll-free 800-927-7667."

26. Thereby confusing the Plaintiff on whether they can write to the Defendant or have to call per their instructions above.

27. The back page of the Defendant's March 30, 2015 letter states the 30 day validation notice, advising the Plaintiff to notify their office in writing within 30 days from receiving this notice of any dispute he may have.

28. Upon review of said letter same is deceptive advising the Plaintiff to contact the Defendant by telephone instead of writing, but then providing a 30 day validation notice

6

advising him to contact them in writing on any dispute as it relates to the alleged amount owed.

29. The Defendant's March 30, 2015 letter was the first communication that the Plaintiff has had with the Defendant, therefore leaving the Plaintiff confused as to his right to dispute the alleged debt.

30. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

31. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

34. Pursuant to 15 U.S.C. §1692e(10), a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

35. A collection letter is deceptive if "it can be reasonably read to have two or more different meanings, one of which is inaccurate," *Wilson*, 225 F.3d at 354.

36. Defendant violated said section by deceptively referencing that the Plaintiff has had

previous written communication with them, when in fact, the Plaintiff has no knowledge as to the Defendant or the alleged debt.

37. The Defendant further violated said section by falsely representing that Plaintiff can only communicate with the Defendant via telephone.

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692*g et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(g).

41. Pursuant to 15 U.S.C. § 1692g. a debt collector is require to provide the consumer with a validation notice notifying the consumer that they have thirty days from receipt of such written notice to dispute said debt typically referred to as a "validation notice."

42. Furthermore, pursuant to 15 U.S.C. § 1692g such validation notice cannot be overshadowed or contradicted by other language or material.

43. Even when the letter contains a validation notice, it is still overshadowed if it contains language that obscures the consumer's validation rights. *Caprio v. Healthcare Revenue*

8

*Recovery Group, LLC* 709 F.3d 142, 151 (3d Cir 2013).

44. The Defendant violated said section by overshadowing the validation notice with language in their letter requesting that the Plaintiff stop corresponding with the Defendant by mail and that he telephone their office regarding the account.

45. This would confuse the least sophisticated consumer of their rights to dispute either having to be in writing or over the telephone.

46. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 10, 2015          */s/ Ari Marcus*
                              Ari Marcus, Esq.
                              MARCUS LAW, LLC
                              1500 Allaire Avenue, Suite 101
                              Ocean, New Jersey 07712
                              (732) 695-3282 telephone
                              (732) 298-6256 facsimile
                              *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  June 10, 2015         */s/ Ari Marcus*
                              Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 10, 2015          */s/ Ari Marcus*
                              Ari Marcus, Esq.